IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MACK WEST, JR.,

       Plaintiff,                No. 2:12-cv-1293 DAD P

     vs.

NOAH DIZON,

       Defendant.              ORDER

_____/

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on claims raised in plaintiff's original complaint, filed May 14, 2012. Therein, plaintiff alleges that defendant violated his constitutional rights by harassing plaintiff and retaliating against him. Several matters are now pending before the court.

I. Plaintiff's Motion to Compel Discovery

On March 18, 2013, plaintiff filed a motion to compel discovery (ECF No. 22). Defendant opposed the motion (ECF No. 27) and plaintiff has filed a reply (ECF No. 30).[1]

/////

---

[1] On May 13, 2013, plaintiff filed a motion for extension of time to file his reply. (ECF No. 29.) Plaintiff's reply was delivered to prison officials for mailing on May 12, 2013, and in accordance with the so-called mailbox rule is timely filed. See Houston v. Lack, 487 U.S. 266 (1988). Good cause appearing, the motion for extension of time will be denied as unnecessary.

1

Plaintiff makes several contentions in his motion to compel.  First, he contends that defendant failed to provide certain initial disclosures that plaintiff claims are required by Fed. R. Civ. P. 26(a)(1).  However, this action is exempt from the initial disclosure requirements of Rule 26(a)(1).  See Fed. R. Civ. P. 26(a)(1)(B)(iv).

Plaintiff also seeks to compel responses to several requests for discovery propounded on defendant.  First, by request number seven of his first request for production of documents, plaintiff sough the names of all inmates housed in the V-Wing and U-Wing in Unit IV in California Medical Facility in May and June 2009.  (See Ex. C to Mot. to Compel (ECF No. 22-2) at 35.)  Plaintiff made a similar request in request number seven of his second request for production of documents, expanding the time period covered by the discovery request to May-October 2009.  (See Ex. E to Mot. to Compel (ECF No. 22-2) at 50.)  Defendant objected to both requests as overbroad and on the grounds that it "seeks information the release of which could create safety and security concerns for other inmates, and invades other inmates' right to privacy" as well as irrelevant information and information not likely to lead to admissible evidence.  (Ex. C to Mot. to Compel (ECF No. 22-2) at 35;  Ex. E to Mot. to Compel (ECF No. 22-2) at 50.)  He also objected to the second request as duplicative of the first.  (Id.)  In his motion to compel, plaintiff says that in a third request for production of documents he modified the request to seek the name of an inmate house in V-Wing and U-Wing on May 18, 2009, and the full names and CDCR numbers of two other inmates housed in Y-Dorm on May 10, 2009, and that defendants have not responded to this request.

In opposition to plaintiff's motion, defendants contend that the information sought by request number seven as presented in plaintiff's first and second requests for production of documents is irrelevant and that release of the information sought could raise safety and privacy concerns. Defendants also contend that plaintiff's third request for production of documents was not timely served under the deadlines set in the discovery and scheduling order filed November

/////

1  27, 2012 (ECF No. 15). Pursuant to that order, discovery requests were to be served sixty days
2  prior to March 15, 2013. (ECF No. 15 at 6.)

3  Plaintiff contends that he needs the names and CDCR numbers of the inmates as
4  well as the names of certain captains, sergeants and correctional officers in order to respond to
5  discovery requests received from defendant Dizon. However, defendant Dizon has not moved to
6  compel discovery responses from plaintiff, and the time to do so has passed. Plaintiff has not
7  demonstrated any other basis for requiring defendant Dizon to provide the information requested
8  in request number seven of plaintiff's first and second requests for production of documents as
9  modified in plaintiff's third request for production of documents. The court will not require a
10 further response to these discovery requests.

11 By request number one of his first request for production of documents, plaintiff
12 seeks any and all grievances submitted against defendant Dizon concerning alleged mistreatment
13 of inmates. (Ex. C to Mot. to Compel (ECF No. 22-2).) Defendant Dizon objected to this
14 discovery request on several grounds, provided plaintiff with the grievance filed by plaintiff
15 against him, and represented that he does not have any other inmate grievances in his custody or
16 control. The court finds that defendant Dizon's response to this discovery request is sufficient
17 and no further response will be required.

18 Plaintiff seeks to compel further responses to requests two, three and five of his
19 first request for production of documents. By these discovery requests plaintiff sought
20 production of "policies, directives, or instructions to corrections officers concerning the use of
21 force against persons and inmates at California Department of Corrections and Rehabilitations
22 [sic] [(CDCR)] and California Medical Facility [(CMF)]"; responses to grievances filed by
23 plaintiff in May and June 2009 concerning defendant Dizon; and policy directives and other
24 documents related to interactions with seriously mentally ill inmates in CDCR and at CMF. (Id.
25 at 33-35.) Defendant Dizon objected to all of these discovery requests. In addition, as to
26 requests two and five, defendant contends that he does not have such information in his custody

or control.  (Id. at 33, 35.)  With respect to request number two, defendant Dizon referred plaintiff to title 15 of the California Code of Regulations and the Department Operations Manual.  (Id. at 33.)  With respect to request number three, defendant Dizon contended that the information plaintiff seeks is irrelevant and he asserted his own privacy rights.  (Id. at 34.)

Defendant Dizon cannot be required to produce documents that he does not have in his custody or control.  No further response to requests two or five of plaintiff's first request for production of documents will be required by the court.

In a privilege log attached to his response to plaintiff's first request for production of documents, defendant Dizon represents that a California Medical Facility Institution Head Review Use of Force Review (and attachments), consisting of twenty-three pages, is responsive to request number three of the first request for production of documents.  (Ex. D to Mot. to Compel (ECF No. 22-2) at 37.)[2]  Defendant asserts that this document contains confidential information including the names and statements of other correctional staff and the names and CDCR numbers and statements of other inmates, and that it is part of defendant Dizon's personnel file and therefore protected by numerous state and federal statutes as well as the constitutional right to privacy.  Good cause appearing, defendant Dizon will be directed to submit this document to the chambers of the undersigned for in camera review.  Defendant shall identify with specificity all portions thereof which he contends should not be disclosed to plaintiff together with citation to specific legal authority protecting those matters.  In addition, defendant shall include with the submission any documents that were provided to plaintiff in response to said grievances, which shall be specifically identified in the in camera submission.

Finally, plaintiff seeks to compel further responses to requests one, two, three, four, five, and seven of his second request for production of documents.  As plaintiff notes, requests one, two, four, and seven essentially repeat the same requests raised in his first request

---

[2]  See fn. 3, below.

for production of documents.  (See Mot. to Compel (ECF No. 22-2) at 13.)³  For the reasons set forth above, no further responses will be required to requests one, two, four or seven of plaintiff's second request for production of documents.

By request number three and five, plaintiff seeks materials concerning "preventing, intervening, or failure to, reporting staff misconduct" at CMF and CDCR.  (Ex. E to Mot. to Compel (ECF No. 22-2) at 48), as well as policies concerning employee retaliation against inmates.  (Id. at 49.)  Defendants interpose a number of objections to these discovery requests.  With respect to request number three, defendant Dizon also represents that he has no such documents in his custody or control and refers plaintiff to § 33030.3 of title 15 of the California Code of Regulations and the Department Operations Manual.  With respect to requests number five he also refers plaintiff generally to title 15 of the California Code of Regulations and the Department Operations Manual.  The court finds defendant's response to these discovery requests to be sufficient and no further response will be required.

For all of the foregoing reasons, defendant will be required to submit for in camera review the document responsive to request number three of plaintiff's first request for production of documents in accordance with this order.  In all other respects plaintiff's motion to compel will be denied.

II. Motions for Additional Time to Conduct Discovery

On April 24, 2013, plaintiff filed a motion styled as a "motion of excusable neglect."  (ECF No. 25.)  On April 25, 2013, plaintiff filed a motion for a forty-five day extension of time to complete discovery.  (ECF No. 26.)  By both motions, plaintiff seeks an

---

³ Request number one of plaintiff's second request for production of documents seeks the same material sought by request number three of plaintiff's first request for production of documents, within an expanded time frame.  Pursuant to this order, defendant will produce for the court's in camera review the document identified in the privilege log that accompanies his response to this request.  Plaintiff's request number four seeks essentially the same material sought by request number five of plaintiff's first request for production of document.  (See Exs. D and E to Motion to Compel (ECF No. 22-2) at 35, 49.)

extension of time to conduct discovery in this action.  Defendant opposes the motion (ECF No. 31)[4] and plaintiff has filed a reply (ECF No. 37).

By these motions, plaintiff seeks reconsideration of a prior order denying his request for leave to extend the discovery deadline, (see Order filed Apr. 12, 2013 (ECF No. 24), and leave to propound the third request for production of documents that he has already served on defendant (see discussion above).  In the April 12, 2013 order, the court denied plaintiff's motion for an extension of time to serve a third request for production of documents because plaintiff had not tendered the proposed third request for production of documents with the motion.  The court observed that since plaintiff had not tendered the proposed third request, the court was "unable to determine whether plaintiff should be permitted to serve that request regardless of the outcome of his motion to compel, or whether resolution of the motion to compel would moot the request for leave to serve on defendant a third document production request." (Order filed Apr. 12, 2013 (ECF No. 24) at 2.)  Plaintiff has now submitted to the court a copy of that third request for production of documents.  (Ex. J to Mot. for Extension of Time to Complete Discovery (ECF No. 26).)

After reviewing plaintiff's third request for production, the court finds all but one of those requests to be essentially redundant of plaintiff's prior discovery requests or, where refined, subject to some or all of the same objections already resolved above in this order.  The court will, however, direct defendant to produce to plaintiff all documents responsive to request number four of plaintiff's third request for production of documents, by which plaintiff seeks "all documents, incident reports, and/or CDCR 128's (chronos or informationals) that you filed or written or printed against plaintiff for allegedly threatening you on or about May 10, 2009." (Id.

/////

---

[4] On May 10, 2013, defendant filed a motion for extension of time to oppose the motions. (ECF No. 28.)  Good cause appearing, defendant's motion will be granted nunc pro tunc and defendant's opposition deemed timely filed.

at 64.)  In all other respects, plaintiff's motions for an extension of time to conduct discovery will be denied.

III.  <u>Motion for Appointment of Counsel</u>

On July 1, 2013, plaintiff filed a motion for appointment of counsel.  (ECF No. 39.)  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances.  Plaintiff's motion for the appointment of counsel will therefore be denied.

IV.  <u>Motions for Extension of Time</u>

Finally, plaintiff has filed two motions for extension of time to respond to defendant's June 7, 2013 motion for summary judgment (ECF No. 33).  (<u>See</u> ECF Nos. 38 and 40.)  Good cause appearing, plaintiff's motions for an extension of time to oppose defendant's summary judgment motion will be granted.  Plaintiff's opposition will be due forty-five days from the date of this order.

V.  <u>Conclusion</u>

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Within ten days from the date of this order defendant shall submit to the chambers of the undersigned for in camera review the document identified in the privilege log responsive to request number three of plaintiff's first request for production of documents and request number one of plaintiff's second request for production of documents.  Defendant shall identify with specificity all portions thereof which he contends should not be disclosed to plaintiff together with citation to specific legal authority protecting those matters.  In addition, defendant shall include with the submission any documents that were provided to plaintiff, which

shall be specifically identified in the in camera submission. In all other respects plaintiff's March 18, 2013 motion to compel (ECF No. 22) is denied.

    2. Plaintiff's April 24, 2013 and April 25, 2013 motions for extension of time to complete discovery (ECF Nos. 25 and 26) are denied except that within twenty days from the date of this order defendants shall produce to plaintiff all documents responsive to request number four of plaintiff's third request for production of documents.

    3. Plaintiff's May 13, 2013 motion extension of time to file reply (ECF No. 29) is denied as unnecessary.

    4. Defendant's May 10, 2013 motion for extension of time (ECF No. 28) is granted and defendant's May 20, 2013 opposition (ECF No. 31) to plaintiff's April 24, 2013 and April 25, 2013 motions is deemed timely filed.

    5. Plaintiff's July 1, 2013 motion for appointment of counsel (ECF No. 39) is denied.

    6. Plaintiff's June 24, 2013 and August 2, 2013 motions (ECF Nos. 38 and 40) are granted. Plaintiff is granted forty-five days from the date of this order in which to file and serve an opposition to defendant's June 7, 2013 motion for summary judgment.

DATED: September 3, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
west12cv1293.mos