UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MACK A. WEST Jr,

    Plaintiff,

  v.

NOAH DIZON,

    Defendant.

No.  2:12-cv-1293 DAD

ORDER

    Plaintiff is a state prisoner proceeding pro se with an action for alleged violations of his civil rights, pursuant to 42 U.S.C. § 1983.  At all times relevant to the claims set forth in plaintiff's complaint, defendant Dizon was a correctional officer who interacted with plaintiff at the California Medical Facility in Vacaville.  In his complaint plaintiff alleges, among other things, that defendant used excessive force against him, in violation of the Eighth Amendment.

    On September 4, 2013, the court partially granted plaintiff's motion to compel.  (Doc. 41.) At that time the court ordered defendants to produce for the court's in camera review certain documents that defendant listed in a privilege log[1] as being protected from disclosure by state law and as subject to the constitutional right to privacy.  (Id. at 4.)  The documents are part of defendant Dizon's personnel file with the California Department of Corrections and

---

[1] See Motion to Compel, Ex. D (Doc. No 22-2) at 37.

Rehabilitation (CDCR) and, according to defendant, contain confidential information about him, other employees of CDCR and other inmates.

### A.  Disclosure of documents from Dizon's personnel file

Defendant submitted the documents for the in camera review by the court in two parts: (1) documents generated in an "Appeal Inquiry Report" that was initiated after plaintiff filed his administrative prison grievance against defendant Dizon (Bates Nos. D-1 through D-17); and (2) documents generated in a "Use of Force Critique" that CDCR issued after investigating the underlying incident involving the alleged use of excessive force (Bates Nos. D-18 through D-41).[2] Defendant timely produced the documents and a memorandum arguing for their non-disclosure to plaintiff. Defendant maintains that allowing plaintiff to receive materials from his personnel file would compromise prison safety and security.

The personnel records of law enforcement officers often contain sensitive information, but the contents of those files generally fall within the scope of civil discovery. See Baker v. Hatch, No. CIV S 07-2204 FCD EFB P, 2010 WL 3212859 at *1 (E.D. Cal. Aug. 12, 2010). The party resisting discovery bears the burden of demonstrating the necessity of non-disclosure. See Rogers v. Giurbino, 288 F.R.D. 469, 479 (S.D. Cal. 2012). Boilerplate assertions of a privilege or an interest in confidentiality or privacy do not meet this burden. Id.

"[W]here otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, the Court [should] balance interests in determining whether disclosure should occur." Marti v. Baires, No. 1:08-cv-0653-AWI-SKO-PC, 2012 WL 2029720 at *2 (E.D. Cal. June 5, 2012). "In the context of civil rights suits against [law enforcement] departments, this balancing approach should be moderately pre-weighted in favor of disclosure." Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D. Cal.1995). Having reviewed the documents in camera, the court finds that most of them should be released to plaintiff, subject to redaction and withholding of certain sections and a protective order imposing

---

[2] Defendant explains that "CDCR reviews every incident that could potentially be a use of force incident to ensure it complied with departmental policy. If the conduct was found to be a use of force and it did not comply with policy, further action will be taken." (Def.'s Resp. (Doc. 46) at 4.)

2

1 | other restrictions.

2 |    1. <u>Appeal Inquiry Report</u>

  Following in camera review the court does not find in the appeal inquiry report any information that, if disclosed, could lead to a breach of security or otherwise threaten the safety of any correctional staff or inmate.  The court takes defendant's point that California law classifies the report as confidential.  However, defendant is also correct that the state's regulatory designation of confidentiality in some of its records is "not dispositive in federal court," and that, to the extent such documents may be privileged in federal litigation, it is a "qualified privilege of official information." (Def.'s Resp. (Doc. 46) at 3) (citing <u>Sanchez v. City of Santa Ana</u>, 936 F.2d 1027, 1033 (9th Cir.1991)).  "[M]ere recitation of the regulatory standard without further explanation is not enough for the Court to find the [contested documents] at issue to be confidential." <u>Fisher v. Felker</u>, No. 2:07-cv-2271-PMP-GWF, 2011 WL 39124 at *3 (E.D. Cal. Jan. 5, 2011).  Instead the defendant "must sufficiently demonstrate how allowing Plaintiff to view [allegedly privileged documents] would create a <u>specific</u> safety or security threat for the institution." <u>Id.</u> (emphasis added).

  Despite recognizing that this privilege is qualified and thus requires a specific showing of the potential or probable harm that would flow from disclosure, defendant has failed to detail which parts of the appeal inquiry report would threaten prison security if disclosed, and how.  The identities of the officers interviewed in the appeal inquiry are those that plaintiff named in his original prison inmate grievance as staff members who violated prison policy or as witnesses.  Moreover, in each instance the summary of the officer's statement in the report sought simply refutes plaintiff's version of events.  Plaintiff already knows the identity of the correctional officers who were involved in the inquiry, and their denials of wrongdoing are hardly compromising now that plaintiff is well into federal litigation over the incident and defendant has denied every material fact alleged against him.  See <u>Dowell v. Griffin</u>, 275 F.R.D. 613, 618 (S.D. Cal.2011) (overruling objections against disclosure in part because "[t]he identities of the officers in question are known, and the identity of anyone not a party to this case potentially disclosed in the document can be withheld by a protective order").

     Furthermore, the appeal inquiry report itself is only two-and-a-half pages long. The other pages (Bates pages D-4 through D-17) are boilerplate notices to the officers involved, innocuous paperwork completed by administrative officers up the chain of command, a copy of plaintiff's handwritten inmate grievance, and the memorandum directed to him by prison officials explaining the outcome of the completed inquiry. Unlike the appeal inquiry report itself, these attached pages do not even bear the "confidential" stamp that defendant submits is sufficient to protect the report shielded from disclosure. In addition, defendant does not address how these documents could constitute a threat to prison security if disclosed except with a general objection that opening a correctional officer's personnel file to a prisoner "may impair the ability of future investigators to obtain frank and honest responses." (Resp. at 4.) While that objection reflects a valid concern weighing against disclosure, but, without more, it does not bar production. See Dowell, 275 F.R.D. at 618; Estate of Bui v. City of Westminster Police Dept., 244 F.R.D. 591, 596 (C.D.Cal.2007). "[S]tate agents and corrections institutions may not merely refuse to respond to discovery requests by raising the allegation that a response would compromise the safety and security of the institution." Fisher, 2011 WL 39124 at *3.

     "[C]ourts do order disclosure of excessive force policies [and investigations] narrowed to exclude information that raises security concerns." Williams . Williams, No. C 07-04464 CW (LB), 2011 WL 920096 at *5 (N.D. Cal. Feb. 23, 2011). However, "[t]he problem here is that the court is guessing at the objections that Defendant might raise, given that [h]e only asserted a general concern about safety." Id. Finally, the court sees no need to narrow or redact the appeal inquiry report before it is disclosed. Defendant will be ordered to produce the report in its entirety to plaintiff, subject to the protective order described herein.

     2. <u>Use of Force Critique</u>

     The security concerns in the use of force critique are more apparent, insofar as some of its contents could be misinterpreted in a way that could imperil an officer's or inmate's safety. The court makes no finding regarding the actual meaning of those sections or on their relevance, if any, to the merits of this action. The court simply recognizes the possibility that some of the statements in the documents generated in the use of force critique could be misconstrued such that

1 redacting or withholding them is the proper course.  Therefore, defendant shall produce the report

2 and supporting documents contained at Bates-numbered pages D-18 through D-41, with the

3 following redactions and exclusions:

4         Bates p. D-19:  Entire section entitled "Additional Documentation Reviewed" shall

5         be redacted

6         Bates p. D-20:  Single sentence that begins "Additionally..." shall be redacted.

7         Bates p. D-29:  This document shall be withheld in its entirety.

8         Bates p. D-38:  This document shall be withheld in its entirety.

9         Bates p. D-41:  The fourth, fifth and sixth lines shall be redacted.

10 Within five days of defendant's compliance with this order, defendant will file a notice of

11 production of documents attesting that service of the documents in the required, abridged form

12 has been completed.  The notice shall reflect the date of service on plaintiff.[3]

13       B.  Protective order

14     Defendant requests a protective order covering any documents the court orders released to

15 plaintiff.  (See Resp. (Doc. 46) at 5-6.)  A protective order requires a showing of good cause.  See

16 Fed.R.Civ.P. 26(c); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1176 (9th Cir.

17 2006).  Here, the court finds good cause for a protective order in the sensitive relationship that

18 exists generally between inmates and correctional officers and in California's regulatory

19 designation of correctional officers' personnel files as "confidential."  As explained above, that

20 designation is not by itself sufficient to bar disclosure, but it does inform the court's finding that

21 some degree of protection is appropriate in this case.  Therefore the court will grant defendant's

---

[3] Defendant's in camera submission included a DVD recording of a non-party correctional officer's interview of plaintiff taken June 12, 2009.  The interviewer asks plaintiff questions about some of the allegations that underlie this lawsuit. The interview appears to have been taken as part of the use of force critique (see Bates pp. D-21, D-27), but it is not listed on the privilege log, nor does defendant refer to it in his argument against disclosing the documents submitted for in camera review. The disc is not stamped "confidential," and the content leads the court to conclude it is not confidential.  The court does not know why the disc was submitted by defendant for in camera review and defendant has not mentioned it the written argument submitted to the court with the in camera submission.  Because defendant apparently believes the disc is responsive to at least one of plaintiff's requests for production, the court will order it produced to the litigation coordinator at plaintiff's current correctional facility, along with a copy of this order.

request for a protective order in part and require the following:

> 1. The documents produced in compliance with this order shall not be shared outside this litigation.
>
> 2. Plaintiff shall not make copies of the documents produced in compliance with this order.
>
> 3. All documents produced in compliance with this order shall be returned to defense counsel within twenty days of final judgment in this court, or after final disposition of an appeal of this case, whichever occurs later.

Plaintiff is admonished that violating any term of the protective order may result in the imposition of sanctions, including possible dismissal of this action. See Fed.R.Civ.P. 37(b)(2).

Accordingly, IT IS ORDERED that:

1. Within fourteen days of the entry of this order, defendant shall produce to plaintiff all of the documents submitted for in camera review pursuant to this court's order of September 4, 2013 (see Doc. 41), subject to the following redactions and withdrawals:

   Bates p. D-19: Entire section entitled "Additional Documentation Reviewed" shall be redacted

   Bates p. D-20: Single sentence that begins "Additionally..." shall be redacted.

   Bates p. D-29: This document shall be withheld in its entirety.

   Bates p. D-38: This document shall be withheld in its entirety.

   Bates p. D-41: The fourth, fifth and sixth lines shall be redacted.

2. Defendant shall produce a copy of the DVD recording of plaintiff's interview of June 12, 2009, referenced in footnote 3 of this order, to the litigation coordinator at plaintiff's current correctional facility. Defendant shall include a copy of this order with the DVD and shall direct the litigation coordinator's attention to footnote 3 of this order.

3. Within five days of defendant's compliance with this order, defendant will file a notice of production of documents attesting that he has completed service of the documents in the abridged form required by this order. The notice shall reflect the date of service on plaintiff.

4. Defendant's request for a protective order is granted in part. The terms of the protective order are as follows: (1) the documents produced in compliance with this order shall not be shared outside this litigation; (2) plaintiff shall not make copies of the documents produced in compliance with this order; (3) all documents produced in compliance with this order shall be returned to defense counsel within twenty days of final judgment in this court or the final disposition of an appeal of this case, whichever occurs later.

5. Defendant's motion for an extension of time (Doc. 51) is granted. Defendant has until November 14, 2013, to file an opposition to plaintiff's motion for extension of time (Doc. 49).

6. Plaintiff's motion for an extension of time (Doc. 48) in which to respond to defendant's compliance with the court's order of September 4, 2013, is hereby denied as moot.

Dated: November 4, 2013

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

hm
west1293.ord.docx