UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACK WEST, Jr.,<br><br>        Plaintiff,<br><br>    v.<br><br>NOEL DIZON,<br><br>        Defendant. | No.  2:12-cv-1293 DAD P<br><br><br>ORDER |

      Plaintiff is a state prisoner proceeding pro se with an action for alleged violations of his civil rights, pursuant to 42 U.S.C. § 1983.  He has filed separate motions seeking leave to amend his complaint, for additional time in which to file an opposition to the defendant's pending motion for summary judgment, and for appointment of counsel.  The defendant has filed a response to plaintiff's request for additional time in which to file an opposition.

      1.   Motion to amend the complaint

      Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint should be "freely given when justice so requires."  The Ninth Circuit has construed that provision broadly, stating that leave to amend should be granted with "extraordinary liberality."  Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir.1990).  See also Poling v. Morgan, 829 F.2d 882, 886 (9th Cir.1987) (describing a "strong policy permitting amendment").  However, the Supreme Court has stated that a court may decline to grant leave where there is "any apparent or

declared reason" for doing so.  Foman v. Davis, 371 U.S. 178, 182 (1962).

The Ninth Circuit has interpreted the decision in Foman as identifying "four factors relevant to whether a motion for leave to amend the pleadings should be denied:  undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party."  United States v. Webb, 655 F.2d 977, 980 (9th Cir. 1981).  These factors do not carry equal weight.  "[D]elay alone no matter how lengthy is an insufficient for denial of leave to amend."  Id. at 980.  "Prejudice to the opposing party is the most important factor."  Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990).  "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend."  Eminence Capital, LLC v Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

Futility of an amendment can, standing alone, justify denial of a request to file an amended pleading.  See Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).  A proposed amendment is futile if it presents no set of facts that would, even if proven, constitute a valid claim.[1]  See Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).  The standard for assessing whether a proposed amendment is futile is therefore the same as the standard imposed under Federal Rule of Civil Procedure 12(b)(6).  Id.  In that analysis, the court reviews the complaint for "facial plausibility."  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

Plaintiff proposes two amendments to his complaint.  First, plaintiff states that he has discovered that the defendant's first name is Noel, not Noah, and he wishes to change the style of

---

[1] A lawsuit filed by a prisoner against a prison official is governed by the Prison Litigation Reform Act (PLRA).  The PLRA requires the court to screen every filed pleading, including proposed amended ones, and to disallow any claim that is "frivolous, malicious, or fails to state a claim[.]"  28 U.S.C. § 1915A(a), (b)(1).  Futility and frivolousness are in this context synonymous:  a complaint or claim is frivolous if it lacks any arguable basis in fact or law.  See Nietzke v. Williams, 490 U.S. 319, 325-30 (1989).  Under Rule 15, "futility may be found where new claims are duplicative of existing claims or patently frivolous, or both."  Perez-Falcon v. Synagro West, LLC, No. 1:11-cv-1645-AWI-JLT, 2013 WL 1281604 at *6 (E.D. Cal. Mar. 27, 2013).

his lawsuit accordingly.  (See Motion (Doc. 57) at 2.)  That proposal is well taken, but it does not require the filing of an amended complaint.  Instead, the court will instruct the Clerk to revise the style of this case on the docket to reflect the defendant's name correctly.  Second, plaintiff seeks to add a claim of excessive use of force as a new theory of recovery under the same factual allegations averred in his original complaint.  For the reasons that follow, that request seeking leave to amend will be denied.

In his original complaint plaintiff alleges that defendant violated plaintiff's rights under the First Amendment by retaliating against him for reporting or attempting to report defendant's supposed misconduct.  The complaint describes a verbal confrontation between plaintiff and defendant, during which defendant briefly held onto plaintiff's wheelchair and prevented him from moving while defendant called for another correctional officer.  (Complaint (Doc. 1) at ¶¶ 15-16.)  Plaintiff states in his motion to amend that he included this allegation among others in his original complaint "to raise a campaign of harassment claim."  (Motion (Doc. 57) at 6.)  Now, plaintiff states that "[it] was recently explained [to him] by an inmate . . . that he has an Eighth Amendment claim of excessive force . . . and that his injuries were psychological, due to his serious mental illness and the said force[.]" (Id. at 3.)  Plaintiff makes it clear that "this is a separate claim that arose out of the same conduct . . . [of] Defendant N. Dizon grabbing plaintiff's wheelchair[.]"  (Id.)

The use of excessive force against an inmate violates an inmate's Eighth Amendment right to be free from cruel unusual punishment.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).  The use of force is constitutional if employed to keep or restore order in the prison; it is unconstitutional if wielded "maliciously or sadistically for the very purpose of causing harm."  Whitley v. Albers, 475 U.S. 312, 320-21 (1986).  "That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action.  The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'"  Hudson v. McMillan, 501 U.S. 1, 9-10 (1992).  The Supreme Court has identified five factors to consider in determining whether an official's use of force was sadistic and

malicious for the purpose of causing harm:  (1) extent of the injury; (2) need to use the force; (3) relationship between the need to use the force and the amount used; (4) the threat "reasonably perceived" by the official; and (5) any efforts made to temper the severity of the force.  Id. at 7.

The allegation that defendant briefly held plaintiff's wheelchair to prevent him from moving is not a plausible basis of a claim of excessive use of force under the Eighth Amendment.  Even taken as true, the allegation does not give rise to any reasonable inference that the defendant acted "maliciously or sadistically for the very purpose of causing harm."  Whitley, 475 U.S. at 320-21.  Plaintiff does not allege that the defendant used more force than necessary to prevent plaintiff from operating his wheelchair – which is to say plaintiff does not allege anything other than de minimis use of force.  See Hudson, 501 U.S. at 9-10.  Plaintiff may have been irritated at being restrained momentarily and may have perceived the restraint to have been unnecessary, but in the prison setting restraint on movement is the norm.  A claim under the Eighth Amendment lies only when an inmate is deprived of "the minimal civilized measure of life's necessities," Rhodes v. Chapman, 452 U.S. 337, 347 (1981), or there has been an "unnecessary and wanton infliction of pain."  Whitley, 475 U.S. at 319.  Here, plaintiff's allegation of excessive force falls well short of either standard; in fact, this allegation contains no substantive support for a claim of excessive force at all.  It would be futile to allow plaintiff to amend his complaint to add an excessive use of force claim on these facts.  Therefore plaintiff's motion for leave to file an amended complaint will be denied.

    2.   Motion for additional time in which to file an opposition

On March 18, 2013, plaintiff filed a motion to compel discovery.  Defendant filed a motion for summary judgment on June 7, 2013, while plaintiff's motion to compel was still pending.  On September 4, 2013, the court partially granted plaintiff's motion to compel, ordering defendants to submit for in camera review certain documents defendant claimed were protected from disclosure.  (Order (Doc. 41) at 7-8.)  The court further ordered defendant to produce to plaintiff all documents responsive to request number four of plaintiff's third set of requests for production of documents.  (Id. at 8.)  In so ordering, the court repeated that request for production in full:

> The court will . . . direct defendant to produce to plaintiff all documents responsive to request number four of plaintiff's third request for production of documents, by which plaintiff seeks "all documents, incident reports, and/or CDCR 128's (chronos or informationals) that you filed or [were] written or printed against plaintiff for allegedly threatening you <u>on or about May 10, 2009</u>."

(<u>Id.</u> at 6, emphasis added.) The court denied plaintiff's motion to compel "[i]n all other respects." (<u>Id.</u> at 8.)

Defendant did not produce any documents related to an incident involving plaintiff on May 10, 2009. Instead, defendant produced a rules violation report that was written after plaintiff went "out of bounds" on May 18, 2009. Plaintiff received that May 18, 2009 "out of bounds" report from defendant on September 30, 2013 (<u>see</u> Motion for Extension of Time (Doc. 49) at 2.). One week later plaintiff filed the instant motion seeking additional time to oppose defendant's pending motion for summary judgment, in part because the May 18, 2009 report was an "irrelevant and inaccurate" response to the court's order on his motion to compel. (<u>Id.</u> at 1.) In the motion for extension of time, plaintiff points out that the defendant's version of the request for production lists the relevant date as May 20, 2009. (<u>Id.</u>) He states that in his discovery requests he has "never mentioned the date 'May 20, 2009,' because no incident between plaintiff and defendant took place on May 20, 2009." (<u>Id.</u> at 2.)

Defendant sought and obtained an extension of time through November 14, 2013, five weeks beyond plaintiff's objection that he had received the wrong documents, in which to oppose plaintiff's motion for additional time. With regard to the "irrelevance" of the May 18, 2009 disciplinary report, defendant maintains that he responded appropriately to the court's order on plaintiff's motion to compel:

> Plaintiff contends that Defendant did not comply with this Court's Order directing him to respond to Plaintiff's Third Set of Document Requests, Number 4. That request was as follows: "All documents, incident reports, and/or CDCR 128's (chronos or informational) that you filed or written (sic) or printed against Plaintiff for allegedly threatening you <u>on or about May 20, 2009</u>.

(Opposition (Doc. 54) at 2, emphasis added.) Defendant goes on to explain that there are no

/////

5

documents reflecting a report against plaintiff on May 20, 2009, but "in an abundance of caution . . . in the event Plaintiff had utilized an incorrect date in the request," defendant provided the May 18, 2009 rules violation report.  (Id. at 3.)

In fact, defendant was not cautious.  The court ordered disclosure of material related to an incident that occurred on May 10, 2009, the date clearly and legibly listed in the request for production itself.  (See Motion to Compel (Doc. 22-2) at 88.)  Caution would have included (re-)reading the court's order before assuming plaintiff had "utilized an incorrect date" and assuring the court that "Plaintiff has received all discovery responses and discovery to which he is entitled."  (Opposition (Doc. 54) at 3.)  A cursory reading of the court's order would have found that <u>defendant</u> had "utilized an incorrect date" and would have led (one hopes) to an even quicker effort to remedy the error.

The court has no doubt that defendant's production of the May 18, 2009 documents was the result of an innocent clerical error.  However, defense counsel's failure to check its understanding of the terms of a court order against the actual text of that order during the five-week extension it obtained for the purpose of responding to plaintiff's objection reflects inattention which in turn has wasted the time and resources of this court.  All the while, plaintiff remains without the documents the court ordered him to receive over three months ago.

Although defendant's motion for summary judgment has now been pending for over six months and the motion to compel was decided over three months ago, the court has no choice but to grant plaintiff's motion for an extension of time to file an opposition to the motion for summary judgment.  To be clear, <u>this extension of time does not re-open discovery</u>.  Plaintiff has had ample time in which to procure information from third parties by this point, and the new extension will allow him even more time to gather more material from outside sources, if he needs it.  Furthermore, the other grounds plaintiff submits for an extension of time, such as his supposed need for responses to his requests for admission, were litigated in the motion to compel; the court sees no need to reconsider those issues.  The court will grant plaintiff's motion for an additional extension in part, for the sole purpose of allowing plaintiff to receive all materials that the court on September 4, 2013 ordered to produce, and to file an opposition to the motion for

summary judgment with the benefit of those materials in hand. The schedule will be as follows:

1. No later than seven days of the entry of this order, defendant will serve on plaintiff all documents and other materials that have not already been produced in compliance with the court's order of September 4, 2013. Defendant will file a notice of compliance with this part of the order on the same date his counsel completes service of the documents and materials on plaintiff.

2. Plaintiff will file his opposition to the motion for summary judgment no later than January 17, 2014.

3. Defendant will file his reply, if any, no later than January 31, 2014.

<u>The court will not grant any modification of this schedule unless the party seeking it makes a compelling demonstration that extraordinary circumstances require yet another extension of time.</u>

    3.  <u>Motion for appointment of counsel</u>

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The court does not find exceptional circumstances necessitating appointment of counsel in this case. Plaintiff's request will be denied.

CONCLUSION

Accordingly, IT IS ORDERED that:

1. The motion for leave to file an amended complaint (Doc. 57) is denied.

2. The Clerk of Court is instructed to change defendant's name in the caption of this case and on the docket to Noel Dizon.

3. No later than seven days of the entry of this order, defendant will serve on plaintiff all documents and other materials that have not already been produced in compliance with the court's order of September 4, 2013. Defendant will file a notice of compliance with this order on the same date his counsel completes service of the documents and materials on plaintiff.

7

4. The motion for extension of time (Doc. 49) is granted in part. Plaintiff will file his opposition to the motion for summary judgment no later than January 17, 2014.

5. Defendant will file his reply, if any, no later than January 31, 2014.

6. The motion for appointment of counsel (Doc. 62) is denied.

Dated: December 11, 2013

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

hm/west1293.ord(2)