1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MACK WEST, Jr.,                              No.  2:12-cv-1293 DAD P

12                    Plaintiff,

13         v.                                      ORDER

14    NOEL DIZON,

15                    Defendant.

16

17         Plaintiff is a state prisoner proceeding pro se with an action for alleged violations of his

18    civil rights, pursuant to 42 U.S.C. § 1983.  He has filed a motion for reconsideration of this

19    court's order of December 11, 2013, wherein the court partially granted his request for additional

20    time in which to file an opposition to defendant's motion for summary judgment and denied his

21    request for appointment of counsel.  (See Doc. 63.)  The parties have consented to magistrate

22    judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c).

23         Plaintiff is currently incarcerated at Salinas Valley State Prison.  In his complaint plaintiff

24    alleges that while incarcerated at the California Medical Facility (CMF) in May 2009, defendant

25    Dizon, a correctional officer there, retaliated against plaintiff for his threat to file an inmate

26    grievance and due to plaintiff's complaints about officer Dizon to other correctional officers.

27    ////

28    ////

                                                    1

1      <u>Motion for additional time</u>

2          In his motion to reconsider, plaintiff contends he still needs additional time to solicit

3   affidavits from four witnesses who have remained incarcerated at CMF.  (Motion (Doc. 65) at 2-

4   4.)  Plaintiff alleges that the warden at CMF has failed to grant him permission to correspond with

5   these inmate witnesses.  He argues this obstruction "interfer[es] with Plaintiff's investigation and

6   [is an] impediment to Plaintiff presenting his claim".  (<u>Id.</u> at 6.)  Plaintiff also renews his request

7   that this court to issue subpoenas duces tecum and an order requiring the warden at CMF to allow

8   him to communicate in writing with the inmate witnesses there.

9          First, the request for a subpoena duces tecum that plaintiff attached to his motion for

10  additional time (Doc. 49, Ex. C at 27-29) propounded discovery requests that the court had

11  already denied in ruling on plaintiff's motion to compel (<u>see</u> Doc. No. 41) or were submitted well

12  after the discovery deadline of March 15, 2013 previously established in this civil action by court

13  order.  Second, to the extent plaintiff seeks a subpoena in order to obtain sworn declarations from

14  other inmates, "a subpoena duces tecum cannot be used to order the production of an affidavit."

15  <u>Johnson v. Dovey</u>, No. 1:08-cv-0640 LJO DLB PC, 2010 WL 1957278 at *1 (E.D. Cal. May 14,

16  2010).  Under Federal Rule of Civil Procedure 45, a subpoena must "command each person to

17  whom it is directed to do [one of] the following at a specified time and place:  attend and testify;

18  produce designated documents, electronically stored information, or tangible things in that

19  person's possession, custody, or control; or permit the inspection of premises[.]"  An unexecuted

20  and likely undrafted declaration of a non-party is not an existing document in anybody's

21  possession, custody or control.  Therefore, a request to subpoena a non-party to produce an

22  affidavit, such as plaintiff is requesting here, is beyond the scope of Rule 45.  <u>See</u> Johnson, 2010

23  WL 1957278 at *1.

24         As for plaintiff's request for an order requiring the warden at CMF to open the channels of

25  correspondence between plaintiff and the alleged inmate witnesses from whom he seeks

26  affidavits, the court will construe that request as one seeking a preliminary injunction.  A

27  preliminary injunction should not issue unless necessary to prevent threatened injury that would

28  impair the court's ability to grant effective relief in a pending action.  "A preliminary injunction

2

1      . . . is not a preliminary adjudication on the merits but rather a device for preserving the status quo

2      and preventing the irreparable loss of rights before judgment." Sierra On-Line, Inc. v. Phoenix

3      Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984).  In cases brought by prisoners involving

4      conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no

5      further than necessary to correct the harm the court finds requires preliminary relief, and be the

6      least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

7           "The proper legal standard for preliminary injunctive relief requires a party to demonstrate

8      'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the

9      absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction

10     is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing

11     Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (internal quotations omitted)).

12     "Speculative injury does not constitute irreparable injury sufficient to warrant granting a

13     preliminary injunction." Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir.

14     1988), citing Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984).

15     Rather, a presently existing actual threat must be shown, although the injury need not be certain

16     to occur.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130-31 (1969); FDIC

17     v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997); Caribbean Marine, supra, 844 F.2d at 674.

18          A plaintiff cannot, as a general matter, obtain injunctive relief against non-parties.

19     "Unrelated claims against different defendants belong in different suits[.]" George v. Smith, 507

20     F.3d 605, 607 (7th Cir. 2007).  However, a federal court does have the power to issue orders in

21     aid of its own jurisdiction, 28 U.S.C. § 1651(a), and to prevent threatened injury that would

22     impair the court's ability to grant effective relief in a pending action. Sierra On-Line, Inc. v.

23     Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984); Gon v. First State Ins. Co., 871 F.2d

24     863 (9th Cir. 1989).  Here, plaintiff alleges that the warden at CMF is interfering with his efforts

25     to gather affidavits that would support his retaliation claim in this civil rights action.  He asserts

26     that at least two inmates at CMF witnessed conduct that plaintiff construes as defendant Dizon's

27     "harassment" of him in retaliation for his complaints to other officers.  (Doc. 49 at 5.)  Insofar as

28     such testimony could be material to the defendant's pending motion for summary judgment, the

3

1    allegation that the warden at CMF is obstructing plaintiff's access to those alleged inmate

2    witnesses could, if proven, justify an order in furtherance of the court's ability to adjudicate this

3    case.

4           Prisoners have a constitutional right to send and receive mail, but it is limited by the

5    state's interest in maintaining safety and security in its prisons.  Turner v. Safley, 482 U.S. 78, 89

6    (1987).  Thus inmates in California's prison system may correspond with other inmates "provided

7    those persons meet the criteria of approval of no known gang affiliation, or involvement with a

8    known terrorist group or racketeering enterprise."  Cal. Admin. Code tit. 15, § 3139(b).  The same

9    regulation gives a warden authority to restrict an inmate in another facility from communicating

10   with inmates in his custody.   "[A]pproval to correspond may be revoked due to disciplinary

11   violations involving correspondence between the inmates/parolees or as a result of classification

12   action based on safety and security."  15 CCR § 3139(d).  "If the request to correspond is denied

13   at the . . . state correctional facility, the reason for denial shall be annotated on the CDC Form

14   1074," and "staff at the sending institution/field office shall ensure that the 2nd page [of the form]

15   is returned to the initiating inmate."  15 CCR § 3139(c)(4), (6).  "If an inmate's request to

16   correspond with another inmate/parolee is denied, the CCI [Correctional Counselor I] shall advise

17   the inmate in writing."  15 CCR § 3139(c).

18          In his motion for additional time in which to oppose defendant's motion for summary

19   judgment, plaintiff states that he requested permission for correspondence through his CCI as

20   early as February of 2013, but that the warden at CMF "failed to grant his approval, making the

21   process incomplete."  (Doc. 49 at 3-4.)  It is not entirely clear from plaintiff's filings with this

22   court whether the warden (or other officer with authority) at CMF has denied plaintiff access to

23   correspond with inmates there or whether the warden has simply failed to respond to plaintiff's

24   attempt to gain that access.  Title 15 CCR § 3139 makes clear that the safety and security of the

25   state's correctional facilities could be implicated here, thus giving rise to the possible inference

26   that the security of the prison may have been part of the decision to decline to disallow plaintiff

27   from corresponding with the inmates he wants to sign affidavits for use in this case.  However, if

28   there has been an official denial of access, state law requires plaintiff to have received a document

                                        4

1  reflecting that decision, if not the reason for it.  15 CCR § 3139(c)(4), (6).  The court observes

2  that plaintiff has been tenacious and thorough in prosecuting this action thus far.  Accordingly,

3  the absence of such a document may indicate that no official at CMF has decided whether to

4  allow the correspondence  – and thus that no security interest bars plaintiff from contacting

5  inmates at CMF in order to obtain affidavits which he believes would support his claim and

6  defeat summary judgment in favor of defendant.  Though prison officials enjoy broad discretion

7  in executing their duties, state officials must 'assure indigent defendants an adequate opportunity

8  to present his claims fairly.'"  Bounds v. Smith, 430 U.S. 817, 823 (1977) (citation omitted).

9  Blocking a prisoner access to a potentially material witness for no legitimate penological purpose,

10  even inadvertently, unreasonably encroaches on his right of access to the court and the

11  opportunity to present his claims fairly.

12       However, it is plaintiff who has the burden of proving that the balance of equities tips in

13  favor of an injunction ordering the warden at CMF to allow him to correspond with certain

14  alleged inmate witnesses incarcerated there.  The court does not have enough information before

15  it with which to rule on which way the balance tips – yet.  Therefore the court will order the

16  defendant to respond to the motion to reconsider on the issue of whether this court should order

17  officials at CMF to allow plaintiff to correspond with the inmates he has named as potential

18  witnesses to material facts alleged in his complaint.  Defendant shall provide any and all

19  documentation and information at his or his counsel's disposal, including records in the custody

20  or control of the California Department of Corrections and Rehabilitation (CDCR), reflecting the

21  response, if any, of the warden or other official at CMF to plaintiff's request for permission to

22  contact certain alleged inmate witnesses concerning this case.  If defendant's counsel deems it

23  necessary to submit documents under seal for in camera review, she may do so.  Defendant shall

24  also submit a written response to plaintiff's request for an order requiring the warden to allow

25  such correspondence.[1]

26  _____

[1]  If defendant determines there is no legitimate reason to prevent plaintiff from attempting to
27  obtain the affidavits he seeks, his counsel should inform the court that defendant has no
     opposition.  If the inmates with whom plaintiff seeks contact are no longer incarcerated at CMF,
28  defendant should inform the court of their whereabouts.

1        Motion for appointment of counsel

2        Plaintiff renews his request for appointment of counsel, citing his mental disability.  The

3 United States Supreme Court has ruled that district courts lack authority to require counsel to

4 represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296,

5 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary

6 assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017

7 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

8        The test for exceptional circumstances requires the court to evaluate the plaintiff's

9 likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

10 light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

11 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances

12 common to most prisoners, such as lack of legal education and limited law library access, do not

13 establish exceptional circumstances that would warrant a request for voluntary assistance of

14 counsel.

15        As noted above, plaintiff has prosecuted this action zealously thus far, apparently with the

16 aid of other inmates.  See Montano v. Solomon, No. 2:07-cv-0800 KJN P,  2010 WL 4137476 at

17 *7 (E.D. Cal. Oct. 19, 2010) (denying a motion for appointment of counsel because "plaintiff has

18 adequately presented, albeit through another inmate, the salient factual allegations of this case").

19 An incapacitating mental disability may be grounds for appointment of counsel in some cases, but

20 a plaintiff making that argument must present substantial evidence of incompetence.  See

21 McElroy v. Cox, Civil No. 08-1221 JM (AJB), 2009 WL 4895360 at *2 (E.D. Cal. Dec. 11,

22 2009).  Here, plaintiff merely alleges he has a mental disability in seeking the appointment of

23 counsel; the court has no evidence detailing its nature or effects, which, again, plaintiff has thus

24 far surmounted with the help of other inmates.  Furthermore, as the assigned Magistrate Judge in

25 the Montano case put it, "[t]his is a relatively straightforward Eighth Amendment case," so there

26 are no complex legal issues sufficient to reverse the court's determination that appointment of

27 counsel is unnecessary at this stage of the case.  Montano, 2010 WL 4137476 at *7.

28 /////

6

1      Accordingly, IT IS HEREBY ORDERED that:

2      1.  Plaintiff's motion to reconsider (Doc. No. 65) is denied in part.  The renewed requests

3  for a subpoena duces tecum and for appointment of counsel are denied.

4      2.  Within fourteen days of the date of this order, defendant shall respond to plaintiff's

5  motion to reconsider only with respect to the issue of whether the court should order officials at

6  California Medical Facility to allow plaintiff to correspond with the inmates he has named as

7  potential witnesses to material facts alleged in his complaint.  Defendant shall provide any and all

8  documentation and information at his or his counsel's disposal, including records in the custody

9  or control of the California Department of Corrections and Rehabilitation, reflecting the response,

10  if any, of the warden at CMF to plaintiff's request for permission to contact certain inmates

11  concerning this case.

12      3.  The briefing schedule given in the court's order of December 11, 2013, is vacated.  The

13  court will issue a new schedule for briefing on the defendant's pending motion for summary

14  judgment upon resolution of the portion of plaintiff's motion to reconsider that the court has

15  construed as a request for preliminary injunction, herein.

16  Dated:  January 8, 2014

17

18  _____
    DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

19  hm
    west1293.ord(3)

20

21

22

23

24

25

26

27

28

7