UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACK WEST, Jr., | No. 2:12-cv-1293 DAD P |
| Plaintiff, | |
| v. | ORDER |
| NOEL DIZON, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se with an action for alleged violations of his civil rights, pursuant to 42 U.S.C. § 1983. He is currently housed at Salinas Valley State Prison (SVSP). On December 26, 2013, plaintiff filed a motion for reconsideration, wherein he claimed that the warden at the California Medical Facility (CMF), where he was assigned at the time of the alleged civil rights violations, has failed to grant him approval to correspond with inmates incarcerated there after plaintiff was transferred out of CMF.[1]  Plaintiff states the inmates he wants to contact are witnesses to the alleged civil rights violations and argues he needs their sworn statements about the underlying incidents to oppose the defendant's pending motion for

---

[1] When plaintiff filed this action on May 14, 2012, he was housed at California State Prison-Corcoran. (Doc. 1.) On December 3, 2012, he notified the court of his new address at SVSP. (Doc. 16.) In a pleading filed on October 7, 2013, plaintiff informed the court he had been seeking approval to correspond with inmates at CMF "since about early February 2013." (Doc. 49 at 3.) All relevant attempts to contact inmates at CMF, therefore, have occurred while plaintiff was incarcerated at SVSP.

1

1   summary judgment.  (See Motion for Reconsideration (Doc. No. 65) at 3-4.)

2   　　　　On January 9, 2014, the court ordered defendant to respond to plaintiff's motion for

3   reconsideration only with respect to the issue of whether the court should order officials at CMF

4   to allow plaintiff's requested correspondence with inmates held at that institution.[2]  Defendant

5   complied and has responded that there is no evidence indicating plaintiff ever properly submitted

6   a request to his correctional counselor at SVSP, as required by state regulations controlling

7   correspondence between inmates of the California prison system.[3]  (See Opposition (Doc. No. 67)

8   at 4-5.)  Defendant presents a sworn declaration of V. Hogg, plaintiff's correctional counselor at

9   SVSP, who states under penalty of perjury that he recalls plaintiff having submitted just one

10  request for correspondence with other inmates in 2013.[4]  (Doc. No. 67-1.)  However, those

11  inmates are witnesses in another case.  (Id.)  According to Hogg, plaintiff submitted that request

12  on the incorrect form.  (Id.)  Hogg provided plaintiff with the proper form, but plaintiff never

13  returned it.  (Id.)  Hogg has no recollection of any other request from plaintiff to correspond with

14  other inmates.  (Id.)

15  　　　　As the court wrote in its previous order, the burden is on plaintiff to demonstrate that the

16  balance of equities tips in favor of this court enjoining a non-party prison official to take steps

17  that assure plaintiff is able to present his claims fairly.  See  Stormans, Inc. v. Selecky, 586 F.3d

18  1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22

19  (2008) (internal quotations omitted)); see also Bounds v. Smith, 430 U.S. 817, 823 (1977)

20  (citation omitted).  Defendant's evidence refutes plaintiff's contentions that he has used the

21  proper procedure to request access to inmates who might be able to provide testimony in support

---

[2] The court denied plaintiff's request, also contained in his motion for reconsideration, for the issuance of a subpoena duces tecum to procure undrafted affidavits from the inmate-witnesses. The court noted that the proposed subpoena propounded discovery requests that the court had already denied in ruling on plaintiff's motion to compel or that were submitted well after the discovery deadline of March 15, 2013 had passed.  (See Order (Doc. No. 66) at 2.)

[3] The court discussed plaintiff's constitutional right to send and receive mail and California's regulations of that right in its order of January 9, 2014.  (See id. at 4-5.)

[4] Hogg states he has been plaintiff's correctional counselor "for between one and two years." (Doc. No. 67-1.)

his claim and that he was denied access for no legitimate penological purpose. See <u>Turner v. Safley</u>, 482 U.S. 78, 89-91 (1987) (discussing the balance courts must strike between prisoners' constitutional right to send and receive mail and the states' interest in maintaining prison safety and security). There is no cause, therefore, for granting plaintiff's motion for reconsideration.

There is also no cause for further delay in resolving the pending motion for summary judgment. The briefing schedule for that motion will be as follows:

1. Plaintiff shall file an opposition with supporting memorandum of points and authorities no later than February 21, 2014.

2. Defendant shall file a reply, if any, no later than February 28, 2014.

<u>The court will not grant any further extensions of this schedule without a showing of extraordinary cause by the party seeking the extension.</u>

Accordingly, IT IS ORDERED that:

1. The remainder of the motion for reconsideration (<u>See</u> Doc. Nos. 66, 67) is denied.

2. Plaintiff shall file an opposition to the motion for summary judgment no later than February 21, 2014.

3. Defendant shall file a reply, if any, no later than February 28, 2014.

Dated: January 24, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

hm
west1293.ord(4)

3