UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACK WEST, Jr.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NOEL DIZON,<br><br>　　　　　Defendant. | No.  2:12-cv-1293 MCE DAD P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner proceeding pro se with an action for alleged civil rights violations pursuant to 42 U.S.C. § 1983.  On January 9, 2014, the court denied plaintiff's renewed requests for the issuance of subpoenas duces tecum, which plaintiff argued were necessary to allow him to communicate with other state prison inmates who he believes can provide testimony in support of his claims against the defendant.   (Dkt. No. 66.)  The court also denied any request by plaintiff to order the California Department of Corrections and Rehabilitation (CDCR) to facilitate communication between plaintiff and other state prison inmates who plaintiff claims are potential witnesses in this civil action. (Id.)  Plaintiff now has moved the court to amend its decision denying those requests.  He argues that the defendant and defendant's counsel made material misrepresentations in opposing his efforts to contact other inmates  for purposes of this litigation and that those alleged misrepresentations constitute new evidence justifying reversal of the court's decision.  See Motion to Amend the Judgment (Doc.

1

1  No. 75).  Defendant has filed a timely opposition.  (Doc. No. 81.)

2      On April 18, 2014, the defendant filed a notice that he was withdrawing his opposition to plaintiff's motion, stating that "in light of further investigation and review by several prisons, [defendant] no longer opposes Plaintiff's request to correspond with particular inmates provided that standard security precautions – consistent with state regulations – are followed[.]" (Notice of Withdrawal (Doc. No. 99) at 1.)  Defendant represents that "the Litigation Coordinators at the prisons where Plaintiff and the inmates are housed have reviewed inmates' central files and determined there are no obvious safety or security concerns in allowing Plaintiff to correspond with [other inmates with CDCR]." (Id. at 2.)

    Before the defendant filed the notice of April 18, plaintiff tried (and tried) to obtain this court's aid in contacting other inmates because, according to him, prison officials unjustifiably obstructed his ability to contact them himself.  Having now heard from the defendant that the obstruction has been removed, the court finds no action on its prior decisions is necessary.[1]  The motion to amend the court's previous decision in light of alleged "new evidence" has been rendered moot.  Based on defense counsel's representations, the court anticipates that plaintiff will now be allowed to communicate with the inmates he believes can provide evidence with respect to his claims in this action.

/////
/////
/////
/////
/////

---

[1] Plaintiff filed a response to defendant's notice that defendant no longer opposes plaintiff's corresponding with other inmates.  That response concludes with new demands for injunctive relief, including use of the prison phone to contact potential witnesses.  (Doc. No. 104 at 5.)  Plaintiff's history as a litigant in this case demonstrates he is aware that he must seek such relief through a formal motion, not by appending new demands at the end of a response.  Insofar as plaintiff has not filed a separate motion for any sort of relief in the four months since his immediate response to defendant allowing the access that he originally wanted, the court has no reason to construe plaintiff's latest "Prayer for Relief" or any other part of his response as a separate motion that requires resolution.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend judgment (Doc. No. 75) is denied as moot.

2. Plaintiff's motions for extensions of time (Doc. Nos. 97, 100, and 102) are denied as moot.

Dated:  September 9, 2014

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

hm
west1293.ord