UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACK WEST, Jr., | No. 2:12-cv-1293 MCE DAD P |
| Plaintiff, | |
| v. | <u>ORDER SETTING SETTLEMENT CONFERENCE</u> |
| NOEL DIZON, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. On November 10, 2014, parties filed a stipulation requesting the court order this case to mediation. (Dkt. No. 66.) Therefore, this case will be referred to Magistrate Judge Kendall J. Newman to conduct a settlement conference at the U. S. District Court, 501 I Street, Sacramento, California 95814 in Courtroom #25 on March 12, 2015 at 10:00 a.m.

A separate order and writ of habeas corpus ad testificandum will issue concurrently with this order.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This case is set for a settlement conference before Magistrate Judge Kendall J. Newman on March 12, 2015, at 10:00 a.m. at the U. S. District Court, 501 I Street, Sacramento, California 95814 in Courtroom #25. A representative with full and

      unlimited authority to negotiate and enter into a binding settlement on the defendants' behalf shall attend in person.[1]

2. Those in attendance shall be prepared to discuss the claims still viable in this case, the defenses to those claims and damages.  The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions.  In such event, the conference will not proceed and will be reset to another date.

3. Magistrate Judge Newman or another representative from the court contact the parties, either by telephone or in person, approximately one week prior to the settlement conference to ascertain each party's expectations of the settlement conference.

Dated:  December 8, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

hm
west1293.med

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences… ." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012) ("the district court has broad authority to compel participation in mandatory settlement conference[s]"). "Full authority to settle" means that the individuals attending the mediation conference must be authorized to explore settlement options fully and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993).  The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate.  Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003).  The purpose of requiring the attendance of a person with full settlement authority is that the parties' view of the case may change during the face to face conference.  Pitman, 216 F.R.D. at 486.  An authorization to settle for a limited dollar amount or sum certain may be found not to comply with the requirement of full authority to settle.  Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).