UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACK A. WEST, Jr., | No.  2:12-cv-1293 MCE DAD P |
| Plaintiff, | |
| v. | ORDER |
| NOEL DIZON | |
| Defendant. | |

Plaintiff is a state prisoner proceeding with an action for alleged civil rights violations pursuant to 42 U.S.C. § 1983.  Plaintiff has filed a motion for an order imposing sanctions, alleging that the defendant, defense counsel and non-party correctional officer Hogg presented false evidence in response to a court order in this case and committed perjury.  Defendant has filed an opposition to that motion and plaintiff has filed a reply.

I.  Legal standards

Federal Rule of Civil Procedure 11 authorizes the imposition of sanctions in certain limited circumstances, including a finding that a party or attorney has made false representations to the court for an improper purpose.  Fed. R. Civ. P. 11(b), (c).  The rule does not apply to discovery disputes that are governed by Rules 26 through 37.  See Fed. R. Civ. P. 11(d). However, federal courts have inherent power to sanction parties and their attorneys for improper conduct and should exercise restraint and discretion in imposing sanctions.  See Chambers v.

1

Nasco, Inc., 501 U.S. 32, 43-46 (1991).  "An award of sanctions under . . . the district court's inherent authority requires a finding of recklessness or bad faith." Barber v. Miller, 146 F.3d 707, 711 (9th Cir. 1998).  By its terms, Rule 11's demand for accuracy in representations to the court applies only to parties to the litigation and their counsel.  The court's inherent equitable power, on the other hand, is broader and "extends, not only to parties in civil litigation, but also to other persons, such as witnesses, who may be embroiled in that litigation." Bartos v. Pennsylvania, Civil No. 1:08-CV-0366, 2010 WL 1816674, at *5 (M.D. Pa. May 5, 2010).  "[S]anctionable conduct by these non-party witnesses can take many forms, including . . . giving false, misleading and materially incomplete testimony." Id.

II. Procedural background

On January 9, 2014, the court considered plaintiff's request for a court order requiring prison officials at the California Medical Facility (CMF) to allow him to correspond with non-party inmates at another prison.  Plaintiff contended the inmates in question were potential witnesses who could testify in support of plaintiff's claim that the defendant retaliated against him in violation of his First Amendment right to file inmate grievances.  Plaintiff maintained that he had properly sought permission to correspond with non-party inmates through the usual administrative process at CMF, but that his requests had been ignored.

The court construed plaintiff's request as one for preliminary injunctive relief and found that the court did not yet have enough information on which to rule on the request.  The court ordered the defendant to "provide any and all documentation at his or his counsel's disposal, including records in the custody or control of the California Department of Corrections and Rehabilitation (CDCR), reflecting the response, if any, of the warden or other official at CMF to plaintiff's administrative request for permission to contact certain alleged inmate witnesses concerning this case." (Order (Doc. No. 66) at 5.)

On January 23, 2014, defense counsel timely submitted a response to the court's order. The response was supported by a declaration sworn to under penalty of perjury by correctional officer Hogg at Salinas Valley State Prison (SVSP).  Officer Hogg stated that he had been plaintiff's correctional counselor for "between one and two years" (which covered the entire time

1  period relevant to plaintiff's request) and that he could "recall" only one instance in which
2  plaintiff had requested permission to correspond with inmates at another prison, in November
3  2013.  (See Declaration of V. Hogg (Doc. No. 67-1) at 1.)   According to correctional counselor
4  Hogg, those inmates were also potential witnesses in another case.  (Id.)  Hogg stated further in
5  his sworn declaration that plaintiff had submitted his request on the wrong form, that Officer
6  Hogg had returned the request for that reason with instructions to plaintiff to use the correct form,
7  and that the plaintiff never re-submitted the request.  (Id. at 2.)

8        Based on Officer Hogg's sworn statement, the undersigned concluded that "[d]efendant's
9  evidence refutes plaintiff's contentions that he has used the proper procedure to request access to
10 inmates who might be able to provide testimony in support of his claim and that he was denied
11 access for no legitimate penological purpose." (Order (Doc. No. 69) at 2-3.)  The undersigned
12 therefore declined to order any prison officials to allow plaintiff to correspond with other inmates.

13       On February 6, 2014, plaintiff filed a motion to amend the court's denial of his request to
14 correspond with other inmates.  (See Doc. No. 75.)  In support of his motion to amend, plaintiff
15 attached documents showing that he had, in fact, given a previous correctional counselor the
16 forms necessary to correspond with the potential inmate-witnesses in this case.  The same
17 documents reflected that Officer Hogg had been plaintiff's correctional counselor for less than a
18 year – not between one and two years, as Hogg had sworn to the court – and that in April 2013
19 Hogg had also been directly involved in processing plaintiff's request for inter-prison
20 correspondence that plaintiff had originally presented to his previous correctional counselor.  (See
21 Doc. No. 75, Exhibits A-C.)  In short, plaintiff was able to show that Hogg's representations, on
22 which the court had relied in making its ruling against plaintiff's request, were not accurate.

23       Plaintiff's demonstration that Hogg's sworn statement was inaccurate began a tortured
24 litigation-within-the-litigation over the next two months, in which defense counsel:  (1) withdrew
25 Hogg's inaccurate declaration and the defendant's opposition that had relied on it (Doc. No. 84);
26 (2) submitted a renewed opposition to plaintiff's request to correspond with other inmates and a
27 new supplemental declaration, sworn to under penalty of perjury, by Officer Hogg explaining his
28 "refreshed" memory (Doc. Nos. 81 and 81-2); then submitted a third declaration under penalty of

perjury from Officer Hogg in opposition to plaintiff's motion for sanctions[1] (Doc. Nos. 93-2); (4) reversed course and consented to allowing plaintiff to correspond with the inmates whose assistance he had long sought (Doc. No. 99); and, in the same filing in which defendant retracted his opposition to plaintiff's requested correspondence, (5) withdrew both Officer Hogg's second and third sworn declarations (Doc. No. 99).[2]

It is not entirely clear why the defense's retraction of its opposition to plaintiff's communicating with other inmates required withdrawing Hogg's second and third sworn declarations. The defendant's notice of withdrawal states that it was "because Plaintiff has taken issue with several declarations that were relevant only to Defendant Dizon's previous opposition to plaintiff's request" (Doc. No. 99), but that does not explain why Officer Hogg's detailed declaration opposing the imposition of sanctions (Doc. No. 93-2) would be withdrawn and not replaced, effectively leaving plaintiff's motion for the award of sanctions against Officer Hogg unopposed. In any event, as it now stands, nobody opposes plaintiff's attempt to correspond with proposed inmate-witnesses, Officer Hogg has submitted sworn declarations to the court on three different occasions and all of those declarations have been withdrawn by defendant, and defense counsel has filed a detailed, sworn declaration recounting her own involvement in this convoluted series of filings, apparently rightly concerned that it creates the appearance of circumstances that could warrant the imposition of sanctions by the court. (See Doc. No. 93-1.)

III.   Analysis

As noted at the outset, plaintiff asserts that defendant Dizon and his counsel "collaborated" and "conspired" with Officer Hogg to present Hogg's false statements. (Motion (Doc. No. 88) at 2.) He seeks the imposition of sanctions against all three under Rule 11(b)(1).

First, there is absolutely no indication that defendant Dizon knew about or participated in the drafting of Officer Hogg's inaccurate declarations. The imposition of sanctions against

---

[1] Plaintiff filed his motion for sanctions roughly in the middle of this storm of filings, on March 10, 2015.

[2] In the meantime, defendant Dizon's motion for summary judgment was denied. (See Docs Nos. 82 and 94.)

defendant Dizon is therefore wholly unwarranted.

As for the Deputy Attorney General representing defendant Dizon, defense counsel timely withdrew the inaccurate declarations on which plaintiff based his motion for sanctions against Officer Hogg. Rule 11(c)(1)(A), known as Rule 11's "safe harbor" provision, allows a party or his counsel to withdraw a challenged filing or statement within twenty-one days of the opposing party's service of a motion for sanctions. "The purpose of the safe harbor . . . is to give the offending party the opportunity . . . to withdraw the offending pleading and thereby escape sanctions." Barber, 146 F.3d at 710. Here, defense counsel promptly withdrew Officer Hogg's inaccurate declaration on March 3, 2014, one week before plaintiff filed the motion for sanctions.[3] Moreover, defense counsel filed a new, "refreshed" declaration from Hogg even earlier than that, on February 26, 2014, twenty days after plaintiff filed the documents demonstrating that Officer Hogg's original representations in his January declaration were not accurate.[4] Defense counsel both properly availed herself of Rule 11's safe harbor provision and promptly took reasonable steps to correct apparent inaccuracies in a non-party's sworn declarations. Thus, the imposition of sanctions against counsel for defendant Dizon is also wholly unwarranted.

Finally, Officer Hogg's inability, negligent at best, to submit a sworn declaration that did not have to be later withdrawn by defense counsel has caused a considerable waste of resources. He created a significant amount of difficulty for defense counsel, plaintiff and the court in sorting out the facts informing an issue in this case. He authored a scenario that led to the filing of a

---

[3] Rule 11(c)(2) required plaintiff to serve the motion for sanctions on opposing counsel first, wait twenty-one days, and then file it with the court. Pro se litigants may receive some leeway in adhering to every letter of the rules of procedure, but that liberality has its limits: the rules still apply. See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995). However, in light of defense counsel's quite prompt efforts to correct Officer Hogg's inaccurate declaration once she became aware of the inaccuracies, the court makes no finding as to whether plaintiff's motion was prematurely filed – that is, before the safe harbor window closed – under Federal Rule of Civil Procedure 11(c)(2).

[4] Of course, defense counsel eventually withdrew that sworn statement too, but plaintiff's motion for sanctions technically proceeds only against Officer Hogg's first inaccurate declaration of January 2014.

1  motion for sanctions against himself, his colleague defendant Dizon and Dizon's counsel.  The
2  fact that plaintiff, an inmate with limited material resources for litigation, was so easily able to
3  refute Officer Hogg's declaration with documentary evidence shows these complications were
4  very avoidable and suggests that Officer Hogg did not take his obligation in swearing to his
5  declaration under penalty of perjury seriously enough.  Certainly his failure to do so created an
6  appearance of misconduct to which it was reasonable to call the court's attention.  Furthermore,
7  the necessity, not fully explained, of withdrawing his sworn declarations three times in a single
8  case concerns the undersigned, particularly since by virtue of his position as a corrections
9  counselor Officer Hogg may well be required to appear as a witness or party in litigation again.

10  Nonetheless, the undersigned does not find compelling evidence that Officer Hogg acted
11  "vexatiously, wantonly, or for oppressive reasons."  <u>Chambers</u>, 501 U.S. at 45-46.  It is more
12  likely that he, unfortunately, was simply lax in responding to the multiple inquiries of defense
13  counsel, who was acting under order of this court, and made material representations under
14  penalty of perjury without performing the due diligence necessary to confirm their accuracy.
15  Such conduct, while quite unwise, falls short of warranting the imposition of sanctions here on
16  this record.

17  Accordingly, IT IS HEREBY ORDERED that the motion for sanctions (Doc. No. 88) is
18  denied.

19  Dated:  March 17, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

hm
west1293.ord(8)