1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11    MACK A. WEST, JR.,                     No.  2:12-cv-01293-MCE-DAD

12                    Plaintiff,
                                             **MEMORANDUM AND ORDER**
13    v.

14    NOEL DIZON,

15                    Defendant.

16

17         On March 10, 2014, Plaintiff filed a Motion for Sanctions.  ECF No. 88.  Almost

18    exactly a year later, on March 18, 2015, the assigned magistrate judge issued an order

19    denying Plaintiff's Motion for Sanctions.  ECF No. 110.  Plaintiff filed a Motion for

20    Reconsideration with this Court on April 22, 2015.[1]  ECF No. 115.  For the reasons set

21    forth below, Plaintiff's Motion is DENIED.

22    ///

23    ///

24    _____

25         [1] Pursuant to Local Rule 303(b), pretrial rulings by a magistrate judge are final "if no
      reconsideration thereof is sought from the Court within fourteen (14) days calculated from the date of
26    service of the ruling on the parties, unless a different time is prescribed by the Magistrate Judge or the
      Judge."  Plaintiff was not bound by this deadline because he requested and obtained an extension of the
27    deadline to file Motion for Reconsideration.  See ECF Nos. 113, 114.  Pursuant to the Court's order,
      Plaintiff was required to place his Motion for Reconsideration in the mail on or before April 20, 2015.
28    Plaintiff timely mailed his Motion April 19, 2015.  See ECF No. 115 at 34.

                                              1

1

2

## BACKGROUND[2]

3       On January 9, 2014, the assigned magistrate judge considered Plaintiff's request

4   for a court order requiring prison officials at the California Medical Facility (CMF) to allow

5   him to correspond with non-party inmates at another prison.  Plaintiff argued the inmates

6   in question were potential witnesses who could testify in support of his claim that

7   Defendant retaliated against him for exercising his First Amendment right to file inmate

8   grievances.  Plaintiff maintained that he had properly sought permission to correspond

9   with non-party inmates through the usual administrative process at CMF, but that his

10  requests had been ignored.  The magistrate judge ordered the defendant to "provide any

11  and all documentation at his or his counsel's disposal, including records in the custody

12  or control of the California Department of Corrections and Rehabilitation (CDCR),

13  reflecting the response, if any, of the warden or other official at CMF to plaintiff's

14  administrative request for permission to contact certain alleged inmate witnesses

15  concerning this case."  Order, ECF No. 66, at 5.

16      On January 23, 2014, defense counsel timely submitted a response that was

17  supported by a declaration sworn under penalty of perjury by Correctional Officer Hogg

18  at Salinas Valley State Prison ("Officer Hogg").  Officer Hogg stated that he had been

19  Plaintiff's correctional counselor for "between one and two years" (which covered the

20  entire time period relevant to Plaintiff's request) and that he could "recall" only one

21  instance in which Plaintiff had requested permission to correspond with inmates at

22  another prison.  See Hogg Decl., ECF No. 67-1, at 1.  According to Officer Hogg, Plaintiff

23  submitted his request on the wrong form, Officer Hogg returned the request with

24  instructions to Plaintiff to use the correct form, and Plaintiff never re-submitted the

25  request.  Id. at 2.

26  ///

27  _____

28      [2] The following facts are taken, sometimes verbatim, from the magistrate judge's order denying the imposition of sanctions (ECF No. 110).

1    Based on Officer Hogg's sworn statement, the magistrate judge concluded that

2    "[d]efendant's evidence refutes plaintiff's contentions that he has used the proper

3    procedure to request access to inmates who might be able to provide testimony in

4    support of his claim and that he was denied access for no legitimate penological

5    purpose."  Order, ECF No. 69, at 2-3.  The magistrate judge therefore declined to order

6    any prison officials to allow plaintiff to correspond with inmates at other prisons.

7    On February 6, 2014, Plaintiff filed a Motion to Amend the order denying his

8    request to correspond with other inmates.  See ECF No. 75.  In support of his Motion to

9    Amend, Plaintiff attached documents showing that he had in fact given a previous

10   correctional counselor the forms necessary to correspond with the potential inmate-

11   witnesses in this case.  The same documents reflected that Officer Hogg had been

12   Plaintiff's correctional counselor for less than a year—not between one and two years,

13   as Officer Hogg had sworn to the court—and that in April 2013 Officer Hogg was directly

14   involved in processing Plaintiff's request for inter-prison correspondence that Plaintiff

15   had originally presented to his previous correctional counselor.  See ECF No. 75,

16   Exhibits A-C.  In short, Plaintiff was able to show that Officer Hogg's sworn statements,

17   on which the magistrate judge had relied in making its ruling against Plaintiff's request,

18   were not accurate.  Accordingly, on March 10, 2014, Plaintiff filed a Motion for Sanctions

19   against Defendant, defense counsel and Officer Hogg.  ECF No. 88.

20   After Plaintiff demonstrated that Officer Hogg's sworn statement was inaccurate,

21   defense counsel:  (1) withdrew Officer Hogg's declaration and Defendant's Opposition

22   that had relied on it (ECF No. 84); (2) submitted a renewed opposition to Plaintiff's

23   request to correspond with other inmates and a new supplemental declaration, sworn to

24   under penalty of perjury, by Officer Hogg explaining his "refreshed" memory (ECF

25   Nos. 81 and 81-2); (3) then submitted a third declaration under penalty of perjury from

26   Officer Hogg in opposition to Plaintiff's Motion for Sanctions (ECF Nos. 93-2);

27   (4) reversed course and consented to allowing Plaintiff to correspond with the inmate

28   ///

1   witnesses (ECF No. 99); and, in the same filing, (5) withdrew both Officer Hogg's

2   second and third sworn declarations without explanation (ECF No. 99).

3          On March 18, 2015, the assigned magistrate judge denied Plaintiff's Motion for

4   Sanctions.  ECF No. 110.  First, the magistrate judge found that there was no indication

5   that Defendant was involved with Officer Hogg's perjured testimony.  Id. at 4.  Next, the

6   magistrate judge determined that defense counsel timely withdrew the perjured

7   testimony, thus qualifying for the safe harbor provision of Federal Rule of Civil Procedure

8   11.[3]  Id. at 5.  Finally, the magistrate judge held that Officer Hogg's inability to submit a

9   truthful sworn declaration was "negligent at best" and did not warrant sanctions.  Id. at 5-

10  6.  While the magistrate judge chastised Officer Hogg for not taking his "obligation in

11  swearing to his declaration under penalty of perjury seriously enough," the magistrate

12  judge ultimately determined that there was not

> compelling evidence that Officer Hogg acted "vexatiously,
> wantonly, or for oppressive reasons." [Chambers v. Nasco,
> Inc., 501 U.S. 32, 45-46 (1991).] It is more likely that he,
> unfortunately, was simply lax in responding to the multiple
> inquiries of defense counsel, who was acting under order of
> this court, and made material representations under penalty
> of perjury without performing the due diligence necessary to
> confirm their accuracy. Such conduct, while quite unwise,
> falls short of warranting the imposition of sanctions here on
> this record.

19  Id. at 6.

20         On April 22, 2015, the Plaintiff filed the Motion for Reconsideration currently

21  before the Court.  ECF No. 115.  Plaintiff's Motion notes that prison officials continued to

22  deny access to material witnesses.  Subsequent to his filing, defense counsel has taken

23  steps to ensure that Plaintiff has access to his inmate witnesses going forward.  See

24  ECF No. 120.

25  ///

26         [3] Unless otherwise stated, all further references to "Rule" or "Rules" are to the Federal Rules of
27  Civil Procedure.  Rule 11(c)(1)(A) states that a motion for sanctions shall not be filed unless the motion is
    first presented to the opposing party and the challenged paper, claim, or contention is not withdrawn within
28  21 days.  Under this provision, "the timely withdrawal of a contention will protect a party against a motion
    for sanctions."  Rule 11 Advisory Committee Notes.

**ANALYSIS**

Pursuant to Local Rule 303(f), Plaintiff is entitled to reconsideration if the magistrate judge's decision is either "clearly erroneous or contrary to law." See 28 U.S.C. § 636(b)(1)(A). In applying the clearly erroneous standard, this Court can not reverse the magistrate judge's order simply because this Court "would have decided the case differently." Anderson v. Bessemer City, 470 U.S. 564, 573 (1985). "Rather, a reviewing court must ask whether, 'on the entire evidence,' it is 'left with the definite and firm conviction that a mistake has been committed.'" Easley v. Cromartie, 532 U.S. 234, 242 (2001) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). The Court is not convinced that a mistake has been committed here.

Plaintiff does not ask for reconsideration of the denial of sanctions against Defendant. His Motion is focused on the order as it pertains to defense counsel and Officer Hogg. Plaintiff alleges that defense counsel was involved in a "conspiracy to cover up the ongoing obstruction." Pl.'s Mot., ECF No. 115, at 1. Plaintiff also argues that the denial of Plaintiff's Motion to Amend, which was decided based on the perjured declaration of Officer Hogg, created a final or irreparable injury that made the safe harbor provision of Rule 11 inapplicable for defense counsel. Id. at 2.

Plaintiff also argues that the magistrate judge should have imposed sanctions under 28 U.S.C. § 1927 even if the Rule 11 safe harbor provision applied. An award of sanctions under 28 U.S.C. § 1927 requires that counsel did, or acted with the purpose to, "so mulitpl[y] the proceedings . . . unreasonably and vexatiously . . . or that counsel acted recklessly or in bad faith." Sneller v. City of Bainbridge Island, 606 F.3d 636 (9th Cir. 2010). Here, the magistrate judge focused on defense counsel's reasonable efforts to correct the mistake by quickly withdrawing Officer Hogg's testimony. The Court cannot say that the magistrate judge's determination that these efforts demonstrated a lack of bad faith was clearly erroneous.

///

1   Finally, Plaintiff takes issue with the magistrate judge's determination that

2   Corrections Officer Hogg was "simply lax" in responding to multiple inquiries by defense

3   counsel.  Pl.'s Mot. at 1.  Plaintiff notes that Officer Hogg spoke with Plaintiff once or

4   twice a week when he was Plaintiff's assigned counselor and was thus familiar with

5   Plaintiff and his case.  Id. at 6.  Therefore, Plaintiff argues that this perjured testimony

6   cannot be the result of forgetfulness but must be the result of intentionally misleading

7   statements made to conceal Officer Hogg's efforts to prevent Plaintiff from accessing his

8   material witnesses.

9   The Court agrees that Officer Hogg's conduct was totally unacceptable.  Officer

10  Hogg has wasted a considerable amount of judicial resources and has delayed the

11  resolution of Plaintiff's request to speak with his witnesses.  However, this does not

12  entitle Plaintiff to reconsideration.  As Officer Hogg was neither a party nor an attorney in

13  this case, the magistrate judge's authority to impose sanctions stemmed from the court's

14  inherent powers.  "Because of their very potency, inherent powers must be exercised

15  with restraint and discretion."  Chambers, 501 U.S. at 44.  On review, the Court cannot

16  say that the assigned magistrate judge was clearly erroneous in exercising caution and

17  finding that this situation did not warrant sanctions.

18

19  **CONCLUSION**

20

21  For the reasons stated above, Plaintiff's Motion for Reconsideration (ECF No. 115)

22  is DENIED.

23  IT IS SO ORDERED.

24  Dated:  June 16, 2015

25

26

27  _____
    MORRISON C. ENGLAND, JR, CHIEF JUDGE
28  UNITED STATES DISTRICT COURT