UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACK A. WEST, Jr., | No. 2:12-cv-1293 MCE DAD P |
| Plaintiff, | |
| v. | ORDER AND |
| NOEL DIZON, | FINDINGS & RECOMMENDATIONS |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se with an action for alleged violations of his civil rights, pursuant to 42 U.S.C. § 1983. Both parties have recently filed their pre-trial statements. The case is currently scheduled to commence trial before the Honorable Chief Judge Morrison C. England, Jr., on January 4, 2016. There are three motions currently pending before the court which will be addressed below.

I. <u>Plaintiff's Request for Injunctive Relief</u>

First, plaintiff, who is housed at Salinas Valley State Prison (SVSP), seeks a "special order" from this court to remove "ongoing impediments" that he claims obstruct his contact with inmates at other California prisons whom he would call as witnesses at his trial. (ECF No. 129.) The undersigned construes the request as one for a preliminary injunction.

A preliminary injunction should not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. "A preliminary

1

injunction . . . is not a preliminary adjudication on the merits but rather a device for preserving the status quo and preventing the irreparable loss of rights before judgment." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984).  A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964).  "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (internal quotations omitted)).  In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

A plaintiff cannot, as a general matter, obtain injunctive relief against non-parties. "Unrelated claims against different defendants belong in different suits[.]" George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  However, a federal court does have the power to issue orders in aid of its own jurisdiction, 28 U.S.C. § 1651(a), and to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984); Gon v. First State Ins. Co., 871 F.2d 863 (9th Cir. 1989).

Defense counsel's opposition to plaintiff's motion for this "special order" includes several sworn declarations from prison officials and counsel's own letter of July 14, 2015, written to plaintiff, in which counsel updates plaintiff on the status of his requests to communicate with five other inmates.  These documents detail a concerted effort by defense counsel and the litigation coordinators from at least three different California prisons to facilitate correspondence between plaintiff and his potential trial witnesses.  The documents show that two of the inmates, Jones and Ellard, have received plaintiff's correspondence.  (See Declaration of E. Takehara (ECF No. 132-2) at 2; Letter from Tracy S. Hendrickson (ECF 132-6) at 5.)  As defense counsel put it to

1 plaintiff in her letter to him, "[n]either I nor the litigation coordinators can control when and
2 whether your inmate witnesses submit correspondence to be reviewed and processed back to the
3 SVSP litigation coordinator for review and delivery to you." (ECF No. 132-6 at 5.) Defense
4 counsel further informed plaintiff that another two of the inmates, Chalk and Lee, have been
5 released from CDCR custody. (Id.) As for plaintiff's purported fifth potential trial witness,
6 inmate Barker, an employee in the litigation office at SVSP states that plaintiff was required to re-
7 submit his request to write Barker and, as of August 10, 2015, had not done so. (See Declaration
8 of V. Ryan (ECF No. 132-3) at 1.)

9 Based on defense counsel's showing in opposition to plaintiff's "special motion," the
10 undersigned concludes plaintiff has failed to demonstrate that any relief he presently seeks is
11 essential to preserve the status quo in the underlying action. More significantly, plaintiff has not
12 demonstrated that in the absence of preliminary relief he is likely to suffer irreparable harm –
13 either on the merits of the instant litigation or, more fundamentally, to his person.[1] "Speculative
14 injury does not constitute irreparable injury sufficient to warrant granting a preliminary
15 injunction." Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) (citing
16 Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984)). A presently
17 existing actual threat must be shown in order to be entitled to preliminary injunctive relief,
18 although the injury need not be certain to occur. See Zenith Radio Corp. v. Hazeltine Research,
19 Inc., 395 U.S. 100, 130-31 (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997);
20 Caribbean Marine, 844 F.2d at 674. Plaintiff has not made the required showing.

21 For the foregoing reasons, plaintiff has failed to demonstrate that he is entitled to the
22 preliminary injunctive relief he seeks. His motion for a "special order" should therefore be
23 denied.
24 /////
25 /////

---

26 [1] The same is true of any suggestion plaintiff makes regarding his access to the prison law
27 library. A quick review of the docket shows that plaintiff's activity in this case remains as
prolific as ever, including (but not limited to) his recently filed pre-trial statement, which, with its
28 exhibits, registers at 149 pages long. (See ECF No. 130.)

    II. <u>Motion for Court Appointed Doctor</u>

Next, plaintiff asks the court to appoint a doctor to testify as an expert witness at his trial. Plaintiff claims that his case "presents a complex issue" regarding the physical effects of "ongoing harassment or retaliation[.]" (ECF No. 135 at 1.) Trial in this case will concern two alleged instances of retaliation against plaintiff that occurred in May 2009. Plaintiff's retaliation claims present no complex medical questions. His motion to appoint a doctor to testify on his behalf will be denied.

    III. <u>Defendant's Motion for Extension of Time</u>

Finally, defendant moved for two additional days in which to file his pre-trial statement. (ECF No. 133.) That motion will be granted, and defendant's pre-trial statement will accepted by the court as timely filed.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a court-appointed doctor to testify on his behalf at trial (ECF No. 135) is denied.

2. Defendant's motion for extension of time to file a pre-trial statement (ECF No. 133) is granted. Defendant's pre-trial statement filed August 19, 2015 (ECF No. 137) is accepted by the court as timely filed.

IT IS HEREBY RECOMMENDED that plaintiff's motion for a "special order" (ECF No. 129), which the court should construe as a motion for preliminary injunction, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

/////

/////

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 26, 2015

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

hm
west1293.ord(9)